OPINION
PER CURIAM.
I.
Petitioner Shi Wen Lin seeks review of the Board of Immigration Appeals’ (“BIA”) final order of removal. In its order, the BIA affirmed the Immigration Judge’s (“IJ”) decision to deny Lin’s application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We will deny the petition.
II.
Lin, a native and citizen of China, entered the United States without valid entry documents in October 2004 and was taken into custody by the Department of Homeland Security (“DHS”). Following his credible fear interview, Lin filed a formal application for asylum, withholding of removal, and CAT protection, claiming that he had been persecuted in China by family planning officials because of his opposition to his wife’s forced abortion.
In his asylum application, Lin stated that in June 2004, his then-girlfriend became pregnant. Because they were both under the legal age for marriage at the time, they decided to marry in a “traditional ceremony,” but without the permission of Chinese family planning officials. Ten days later, Lin claimed that planning officials came to his home and told his wife that she had to abort the child, directing Lin to take her to a local clinic. Lin verbally rejected the directive and alleges that he was beaten as a result.
Later that night, Lin and his wife went into hiding. Six days later, Lin fled China for the United States alone. In his asylum application, Lin stated that he believes that if he is returned to China, he will be jailed indefinitely and beaten for his opposition to the country’s family planning policies.
After identifying several evidentiary gaps in the record, the IJ denied Lin’s request for asylum. Specifically, the IJ found that Lin failed to provide the court with any identification documents, either for himself or establishing his marital status, and that it was reasonable for him to have done so based on his testimony that his uncle was in possession of, at least, his birth records. In addition, the IJ found that Lin failed to provide any evidence that he sustained any medical problems or sought medical treatment following his alleged beating at the hands of Chinese family planning officials.
Furthermore, even if Lin had sustained an injury as a result of his resistance, the incident did not satisfy his burden of establishing past persecution. The IJ also rejected Lin’s argument that he will sustain future persecution on account of his resistance if he is returned to China as his testimony regarding his fear was both implausible and inconsistent with country conditions as reflected in the record evidence.
On appeal, the BIA affirmed the IJ’s decision, finding that on the merits of Lin’s case, there was insufficient evidence to show that the single alleged beating rose to the level of persecution, or that Lin would be killed or imprisoned for life if he returned to China.
III.
This Court has jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a). “[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, we have authority to review the decisions of both *360 the IJ and the BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). The BIA’s factual determinations are upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citing 8 U.S.C. § 1105a(a)(4)).
We recently held that there is no automatic refugee status for spouses or unmarried partners of individuals subjected to coercive population control policies. LinZheng v. Att’y Gen., 557 F.3d 147, 157 (3d Cir.2009) (en banc). However, spouses remain eligible for relief if they can establish their own persecution for resisting China’s coercive reproductive policy or a well-founded fear of future persecution for that resistance. See 8 U.S.C. § 1101(a)(42). We agree with the BIA that Lin is unable to make such a showing.
Lin argued in his asylum application that he was persecuted when he resisted the directive of Chinese family planning officials to take his wife for an abortion. As a result of his resistance, Lin claims that he was beaten and that soon thereafter, he fled the country. A-though we sympathize with Lin’s predicament, we have previously held that a single alleged beating that does not result in any injuries that require medical attention does not constitute persecution. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir.2004). As mentioned earlier, Lin did not provide any evidence that he sought medical attention following the alleged incident. Accordingly, we are compelled to conclude that the BIA’s ruling that Lin failed to show past persecution is supported by substantial evidence.
Having failed to show past persecution, Lin is not entitled to a rebuttable presumption that he has a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1); Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir.2003). In order to establish a well-founded fear of future persecution, Lin must show that his fear of persecution upon his return to China is genuine and is objectively reasonable. See Abdille v. Ashcroft, 242 F.3d 477, 495-6 (3d Cir.2001). The BIA concluded that Lin’s reasons for fearing persecution upon his return to China were not plausible and inconsistent with the background evidence that he provided with his application for asylum. We agree. The 2003 and 2005 U.S. Department of State Country Reports that Lin included with his application simply do not support his claim that he will likely be killed or given a life sentence in prison for his prior resistance to his wife’s abortion.[1]
Lastly, Lin argues that he should be granted relief because his due process rights were violated as a result of his prior counsel’s deficient performance. He further argues that the BIA should have exercised its sua sponte authority and remanded the proceedings so that Lin could be represented by competent counsel before the IJ.
An ineffective assistance of counsel claim may be considered as a due process violation if a petitioner follows the procedural requirements set forth in Matter of Lozada. Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir.2005) (citing Lozada, 19 I. & N. Dec. 637, 639 (B.I.A.1988)). This Court does not have jurisdiction to hear a Lozada claim when an alien has not brought that claim before the BIA. See 8 U.S.C. *361 1252(d); see also Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir.2003). Because Lin did not raise an ineffective assistance of counsel claim, in any form, before the BIA, we lack jurisdiction to hear the claim.
Accordingly, we will deny the petition for review.

. Additionally, withholding of removal under the CAT is warranted only if a petitioner can show that "it is more likely than not” that he would be tortured if ordered removed. See 8 C.F.R. § 1208.16(c)(2). We agree that Lin was unable to make such a showing before the IJ.